**In the Matter of Joseph M. EWAYS, Debtor.**

**Bankruptcy No. 80–1102.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 2, 1986.

Paul Antinori, Jr. and Todd R. Stern, Tampa, Fla., for debtor.

Fred Ridley, Tampa, Fla., O. Palmour Hollis, Augusta, Ga., for Georgia Railroad Bank & Trust.

## ORDER ON DEBTOR'S MOTION TO RE-OPEN CASE, PETITION FOR CONTEMPT AND PETITION TO SET ASIDE SALE OF PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Debtor's Motion to Reopen Case, "Petition" for Contempt and "Petition" (sic) to Set Aside Sale of Property. The Motion was filed by Joseph M. Eways, a Debtor who was involved in this closed Chapter 11 case. As noted, in addition to reopening the case, the Debtor also seeks a contempt citation against the creditor, Georgia Railroad Bank and Trust Company (Bank), on the ground that the Bank is currently attempting to execute upon property of the Debtor based on a pre-confirmation judgment obtained by the Bank against the Debtor, a debt which the Debtor claims has been discharged in his Chapter 11 case. It is the contention of the Debtor that the Bank should have proceeded to seek a default of the Plan of Reorganization confirmed by this Court on November 2, 1981 and not to proceed in a non-bankruptcy forum. The Motion also seeks an order nullifying and setting aside the sheriff's sale of the Debtor's properties scheduled in the state court proceeding.

The Court heard argument of counsel, took judicial notice of the record, and finds as follows: On November 2, 1981, this Court entered an order confirming the Plan of Reorganization of the Debtor. The Plan provided that the creditors in Class I, including the Bank, inter alia, were to receive promissory notes evidencing the full amount of their approved and allowed claims. The notes bearing interest at the rate of 15% per annum on the unpaid balance were to be paid in four (4) equal annual installments with interest. The first installment under the note was due one year from the date of confirmation. The creditors placed in Class I, according to the confirmed Plan, retained the lien securing their respective claims to the extent of the allowed amount of their claims. A subsequent order, entered January 25, 1982, confirmed a modification of the Plan after confirmation. Neither order was appealed and a final decree was entered on September 29, 1982 closing the case.

On January 25, 1982, the Debtor executed a promissory note in favor of the Bank, purportedly in compliance with the provisions of the confirmed Plan. It appears that the principal amount of the note issued was improper. For this reason, the Bank refused to accept the promissory note in the incorrect amount. There was no new note issued in the correct amount. The record further reveals that the first payment made by the Debtor, pursuant to the terms of the Plan, was made substantially after the due date and, in any event, was less than the amount of the allowed claims.

On January 31, 1983, the Bank moved to reopen the Chapter 11 case in order to either dismiss or to have the case converted to a Chapter 7 case. In the alternative, the Bank sought an order from this Court to compel the Debtor to execute a promissory

note in compliance with the modified Plan of Reorganization in the correct amount. On March 30, 1983, the Debtor filed its objection to the proof of claim of the Bank. The objection was heard in due course and was overruled by this Court on March 26, 1984 and the claim of the Bank was allowed as filed. The Motion to Dismiss or Convert was denied and the Chapter 11 case was again closed on August 29, 1984.

On April 19, 1985, the Debtor filed a complaint in the District Court for the Southern District of Georgia, Case. No. CV185-85, naming the Bank and a co-obligor on the pre-petition obligation to the Bank. The complaint demanded a preliminary injunction against the Bank to enjoin it from taking further action against property of the Debtor. There were a number of other remedies which are not relevant here. The Bank counterclaimed, demanding attorney's fees and expenses arising from the suit by the Debtor. On September 16, 1985, the District Court, finding that the Debtor had defaulted on the counterclaim entered an order awarding the Bank $157,913.82 in attorney's fees and expenses to the Bank; appointing a receiver to marshall the property of the Debtor in aid of execution; finding that the Debtor was indebted to the Bank in the sum of $546,865.72 based upon its pre-petition judgment and upon the judgment liens it retained under the Plan of Reorganization; and enjoining the Debtor and anyone on his behalf from directly or indirectly taking any action to interfere with the receiver or with the Bank in its efforts to realize upon its judgment lien.

In the meantime, the Bank proceeded to foreclose the pre-petition judgment lien retained under the provisions of the Plan, by means of a judgment execution sale of real property by the Sheriff of Rutherford County, North Carolina. Before the sale was consummated, the Debtor filed a Chapter 11 Petition in the United States Bankruptcy Court for the Western District of North Carolina, Shelby Division, Case No. SH–B–85–3. In its order of September 30, 1985, that Court noted the long and litiguous history involving the Debtor and the Bank and dismissed the Chapter 11 as a bad faith filing.

Having failed to obtain the desired result from those two forums, the Debtor turns once again to this Court with its present Motion to Reopen the Case and Petition for Contempt and Petition to Set Aside Sale of Property. This Court is satisfied that the Debtor's refusal to execute a note in the appropriate amount pursuant to the terms of the Plan should not preclude the Bank from enforcing its pre-petition claim, particularly in light of the specific provision in the Plan which clearly preserved the Bank's judgment lien. Moreover, this Court will not revisit the decision made by the District Court for the Southern District of Georgia, therefore the Debtor's Petition (sic) to Set Aside Sale of Property authorized by that Court will not be disturbed.

For this reason, it is evident that it would serve no useful purpose to reopen this closed Chapter 11 case and it is equally clear that there is no order which has been violated by the Bank which, in turn, would warrant a finding that the Bank is in contempt and should be punished.

In addition, this Court is satisfied that the Debtor has stated no legal or equitable ground for reopening a case to cure a material default by the Debtor which occurred more than four years ago and which as been extensively addressed in other forums.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Reopen Case, "Petition" for Contempt and "Petition" to Set Aside Sale of Property be, and the same is hereby, denied in its entirety.